# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| RYAN WHITE and JESSICA WHITE, <br><br> Plaintiffs, <br><br> v. <br><br> RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO, <br><br> Defendant. | Case No. __23-5072__ <br><br> **COMPLAINT** |

## INTRODUCTION

1. This lawsuit arises out of the explicit racial discrimination by Defendant Retsel Corporation d/b/a Grand Gateway Hotel ("Grand Gateway").

2. On August 13, 2023, Grand Gateway discriminated against Jessica and Ryan White (the "White family") on the basis of race in violation of 42 U.S.C. § 1981.

3. Grand Gateway's intentional racial discrimination against the White family is part of a policy, pattern, or practice of intentional and illegal racial discrimination against Native Americans.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because this complaint involves a claim to recover damages for the protection of civil rights under 42 U.S.C. § 1981, which provides for redress when the

right to make or enforce a contract is interfered with on the basis of racial discrimination or animus, and 42 U.S.C. § 1988, which authorizes the recovery of attorneys' fees.

5. The White family's claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 *et seq.*, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

6. Venue is appropriate under 28 U.S.C § 1391(b) because a substantial part of the events or omissions giving rise to the claims in this suit occurred in the District of South Dakota and Grand Gateway resides and is located in this judicial district.

## PARTIES

7. Plaintiff Ryan White is an individual residing in Lac du Flambeau, Wisconsin. He is married to Jessica White. Ryan White is Native American and a member of a protected class.

8. Plaintiff Jessica White is an individual residing in Lac du Flambeau, Wisconsin. She is married to Ryan White. Jessica White is not a member of a racially protected class.

9. Defendant Retsel Corporation is a South Dakota corporation. Retsel Corporation does business as the Grand Gateway Hotel. Grand Gateway is located at 1721 N. Lacrosse Street, Rapid City, South Dakota.

10. Grand Gateway is vicariously liable for the actions of the employees, owners, managers, directors, and other agents of the corporation.

11. Grand Gateway is open to the public and offers services as a public accommodation.

## ADDITIONAL FACUTAL ALLEGATIONS

**I.    Grand Gateway has a history of discrimination against Native Americans.**

12. In a social media post from approximately March 20, 2022, Connie Uhre stated that she was banning Native Americans from the Grand Gateway Hotel and from Cheers Bar and also offered a "very special rate" to ranchers and travelers—presumably, only non-Native ranchers and travelers:



**Connie Uhre**
Do to the killing that took place at the Grand Gateway Hotel on March 19 2022 at 4 am plus all the vandalism we have had since the Mayor and Police Department are working with the non profit organization ( Dark Money) . We will no long allow any Native American on  property. Or in Cheers Sports Bar. Natives killing Natives. Rancher and Travelers will receive a very special rate of 59.00 a night. Book Direct.

1d   Like   Reply

13. Nick Uhre also started an email chain among other local hospitality management. On information and belief, Connie Uhre sent an email as part of that chain on or around March 20, 2022, in which she stated, "I really do not want to allow Natives on property. Every time we have problems I call the police with it, the first thing they ask is what nationality is he or she and 98% of the time I have to say native [sic], and we call at least once a week. they [sic] kill each other walk around with

3

guns . . . The problem is we do not know the nice ones from the bad natives . . . so we just have to say no to them!!"[1]

14. Grand Gateway has been sued before for alleged discrimination against Native Americans.

15. Grand Gateway knew that discrimination against Native Americans is against the law.

16. Grand Gateway's prior conduct demonstrates that any alleged non-discriminatory reason to exclude Native Americans is pretext for racial discrimination.

II. **Grand Gateway discriminated against the White family by refusing to honor the White family's reservation because Mr. White is Native American.**

17. The White family traveled from Wisconsin to South Dakota for a family vacation. The White family reserved three rooms for one night at the Grand Gateway online through the website Travelocity. Jessica and Ryan White were traveling with Ryan's three children (who are Jessica's step-children), Ryan White's mother, and Ryan White's aunt. At the time they reserved the rooms, the White family was unaware of Grand Gateway's history of racial discrimination.

18. After driving all day, the White family arrived at the Grand Gateway at approximately 10 p.m. on August 13, 2023.

---

[1] Arielle Zionts, *Workers quit, lawsuit pending after hotel owner calls for ban on Native Americans*, SDPB, March 22, 2022, available at https://listen.sdpb.org/business-economics/2022-03-22/workers-quit-lawsuit-pending-after-hotel-owner-calls-for-ban-on-native-americans (last accessed September 21, 2023); *see also* KOTA Staff, *Rapid City hotel purportedly bans Native Americans from its property*, KOTA, March 21, 2022, available at https://www.kotatv.com/2022/03/22/rapid-city-hotel-purportedly-bans-native-americans-its-property/ (last accessed September 21, 2023).

19. When they arrived, Ryan White parked the family's vehicle while Jessica White—who is not Native American—entered the hotel to check in.

20. On information and belief, Grand Gateway's manager and owner Nick Uhre was working at the desk and interacted with Jessica White when she attempted to check into the Grand Gateway.[2]

21. Jessica White began the check-in process without any issue.

22. After parking the family' car, Ryan White entered the Grand Gateway. The Grand Gateway employee stopped processing the White family's reservation and abruptly told the Whites that they did not have any rooms reserved at the hotel.

23. Jessica White attempted to provide the Grand Gateway employee with their confirmation number from Travelocity. The Grand Gateway employee refused to take the confirmation number, look in the hotel's system for the reservation, or take steps to honor the White family's reservation.

24. The White family contacted Travelocity from the lobby of the hotel. A Travelocity representative confirmed that the White family had three rooms reserved at the Grand Gateway.

---

[2] Although the Whites do not personally know and would not recognize any member of the Uhre family, the Grand Gateway employee at the front desk identified himself to Jessica White as the manager of the hotel. The Whites expect that discovery will confirm the identity of the Grand Gateway employee who confronted and discriminated against them. Regardless, Grand Gateway is liable for the actions of its employee.

5

25. Travelocity called the Grand Gateway to confirm that the Whites had a reservation at the Grand Gateway. Despite Travelocity's confirmation that the Whites had a reservation, the Grand Gateway employee still refused to rent rooms to them.

26. While the Grand Gateway employee was on the phone with the Travelocity representative, the White family heard the Grand Gateway employee tell the Travelocity representative—who spoke with an accent—that she needed to "speak English!" While not directed at the White family, that comment reinforced the unmistakably racial nature of the incident.

27. While in the lobby of the hotel, the White family checked online to see whether the Grand Gateway had rooms available to rent. The White Family confirmed that the Grand Gateway had rooms available to rent at that moment. Even though rooms were available, the Grand Gateway employee refused to rent any rooms to the White family.

28. After the White family continued to ask the Grand Gateway to honor their reservation, the Grand Gateway employee told Ryan White to leave the lobby. The Grand Gateway employee then called security. The Grand Gateway employee also told security to bring backup. The Grand Gateway employee next picked up the phone and said he was calling dispatch. Those statements made the White family feel threatened, intimidated, and concerned for their safety and the safety of their children. Ryan White left the hotel.

29. Jessica White remained in the lobby and asked the Grand Gateway employee for information on the manager and the owner of the hotel. When the Grand

Gateway employee refused to provide information on the owner of the hotel, Jessica White left the hotel.

30. Travelocity arranged for the White family to stay at a different hotel nearby.

31. Prior to being excluded from the hotel, the White family did not engage in behavior that would warrant exclusion from the Grand Gateway.

32. The behavior of the Grand Gateway employee toward Ryan White—who is Native American—combined with the hotel employee's racially-charged comment to the Travelocity representative, the absence of any plausible basis to exclude the White family from the hotel, and the Grand Gateway's history of discrimination against Native Americans all support the conclusion that the Grand Gateway refused to rent rooms to the White family because of Ryan White's race.

33. After experiencing discrimination by the Grand Gateway, the White family reported the discrimination to the Rapid City Community Relations Commission.

34. As a result of the Grand Gateway's discrimination, the White family felt and feels threatened, embarrassed, humiliated, disturbed, and shocked. They felt and feel unwelcome at the Grand Gateway.

35. As a result of the Grand Gateway's discrimination, the White family was prevented from completing any transactions at the Grand Gateway Hotel.

36. The discrimination experienced by the White family was part of a pattern of discrimination by the Grand Gateway.

# CLAIMS FOR RELIEF

## Count I: Violation of 42 U.S.C. § 1981.
### (By both plaintiffs)

37. Ryan and Jessica White incorporate all previous paragraphs of this Complaint as if fully set forth herein.

38. Section 1981 provides that all persons within the jurisdiction of the United States shall have "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. This includes "the making performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

39. Section 1981 is not limited to existing contractual relationships.

40. Ryan White is a member of a protected class.

41. Ryan White was engaged in an activity protected by 42 U.S.C. § 1981 when the White family attempted to make a contract for the purchase of hotel rooms at the Grand Gateway Hotel. Alternatively, Ryan White was an intended third-party beneficiary of a contract for the purchase of hotel rooms, which is a protected activity under 42 U.S.C. § 1981.

42. Jessica White was engaged in an activity protected by 42 U.S.C. § 1981 when the White family attempted to make a contract for the purchase of hotel rooms at the Grand Gateway Hotel. Although Jessica White is not herself a member of a protected class, she was prevented from purchasing hotel rooms at the Grand Gateway solely because of her husband's race.

43. Grand Gateway intentionally interfered with the formation of a contract with the White family based solely on Mr. White's membership in a protected class.

44. Grand Gateway acted with discriminatory intent. Its actions toward the White family were racially motivated and designed to intimidate and exclude them. Through those actions, the Grand Gateway successfully interfered with and prevented the White family from enjoying the right to enter into a contract with the Grand Gateway Hotel and otherwise enjoy the benefits of the contract. As a result, the White family was denied access to the Grand Gateway.

45. Grand Gateway's actions proximately and directly caused injury and harm to the White family, including the denial of federally and constitutionally protected rights, public embarrassment, pain and suffering, injury to dignity, anguish, and personal degradation on the basis of race.

46. The Grand Gateway created a hostile, discriminatory, and unwelcoming environment for Native Americans.

47. As a result of its unlawful acts and practices, the Grand Gateway denied the White family the use and enjoyment of the benefits, privileges, terms and conditions that it extends to all other guests and invitees.

48. By discriminating against the White family on the basis of race, the Grand Gateway denied the White family the same right to enjoy the benefits, privileges, terms, and conditions of contract that are enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

49.     As a result of the Grand Gateway's unlawful conduct, Ryan and Jessica White are entitled to compensatory damages in an amount to be determined at trial.

50.     The Grand Gateway's conduct was intentional, deliberate, reckless, hurtful, wanton, discriminatory, done with malice and in reckless disregard of the rights of the White family, providing a justification and need for punitive damages in this case.

51.     The White family is entitled to recover attorneys' fees and expert fees under 42 U.S.C. §§ 1981 and 1988 (b) and (c).

### Count II: Declaratory Relief, 28 U.S.C. §§ 2201 and 2202.
### (By both plaintiffs)

52.     Ryan and Jessica White incorporate all previous paragraphs of this Complaint as if fully set forth herein.

53.     A dispute currently exists with respect to the rights and obligations of the White family, on one hand, and the Grand Gateway, on the other.

54.     The White family is entitled to a declaratory judgment finding that the foregoing actions of the Grand Gateway violated 42 U.S.C. § 1981.

**PRAYER FOR RELIEF**

55. Plaintiffs respectfully request that this Court:

    a. Declare that the Grand Gateway's conduct was unlawful;

    b. Award compensatory, general, and special damages in an amount determined at trial;

    c. Award punitive damages in an amount that will punish the Grand Gateway's conduct and discourage and deter the Grand Gateway and others from engaging in similar discrimination in the future;

    d. Award to Plaintiffs their costs, expenses, disbursements, and reasonable attorneys' fees in this action pursuant to 42 U.S.C. § 1988;

    e. Award pre-judgment and post-judgment interest; and

    f. Grant other and further relief, both general and specific, at law, or in equity, as the Court finds is just and proper.

Dated: October 25, 2023

                              Respectfully submitted,

                              */s/ Brendan V. Johnson*
                              Brendan V. Johnson (SD Bar # 3263)
                              Timothy W. Billion (SD Bar # 4641)
                              Thad A. Titze (SD Bar # 5204)
                              ROBINS KAPLAN LLP
                              140 North Phillips Ave, Suite 307
                              Sioux Falls, SD 57104
                              Tel: 605-335-1300
                              BJohnson@RobinsKaplan.com
                              TBillion@RobinsKaplan.com
                              TTitze@RobinsKaplan.com

                              ATTORNEYS FOR PLAINTIFFS

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RYAN WHITE and JESSICA WHITE

**DEFENDANTS**
RETSEL CORPORATION, d/b/a GRAND GATEWAY HOTEL and d/b/a CHEERS SPORTS LOUNGE AND CASINO

(b) County of Residence of First Listed Plaintiff: Vilas County, Wisconsin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Pennington County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Brendan V. Johnson, Robins Kaplan LLP
140 North Phillips Ave., Suite 307, Sioux Falls, SD 57104
(605) 335-1300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise |  | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
|  |  | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | [X] 440 Other Civil Rights / **Habeas Corpus:** |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** |  | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 445 Amer. w/Disabilities - Employment / **Other:** | 462 Naturalization Application |  |  |
|  | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 465 Other Immigration Actions |  |  |
|  | 448 Education / 550 Civil Rights |  |  |  |
|  | / 555 Prison Condition |  |  |  |
|  | / 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1981
Brief description of cause: This lawsuit arises out of discrimination by Defendants on the basis of race to members of a protected class, in violation of 42 U.S.C. § 1981

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: The Honorable Lawrence L. Piersol
DOCKET NUMBER: 5:22-cv-5027

DATE: October 25, 2023
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____